## PENNSYLVANIA GENERAL INSURANCE COMPANY

v.

## Russell A. MORRIS.

No. 90–572–A.

Supreme Court of Rhode Island.

Dec. 10, 1991.

C. Russell Bengtson, Shannon Gilheeney, Carroll, Kelly & Murphy, Providence, for plaintiff.

Timothy O'Hara, John J. Nugent, Jr., Ronald J. Resmini, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the appeal of the defendant Russell A. Morris (Morris), from the trial court's grant of summary judgment in favor of the plaintiff, Pennsylvania General Insurance Company (Pennsylvania). We affirm.

Pennsylvania filed a declaratory-judgment action against Morris on January 17, 1989. The trial court granted Pennsylvania's motion for summary judgment on Jan-

uary 24, 1990. On Morris's motion for reconsideration the summary-judgment motion was reheard on May 8, 1990. The motion was again granted, and judgment was entered for Pennsylvania on May 18, 1990. Morris filed a second motion for reconsideration, which the trial court heard and denied on May 30, 1990.

On May 14, 1987, a motor vehicle owned by Arthur Babine and operated by Paul F. Babine (Babine) collided with Morris's motor vehicle. United Services Automobile Association (USAA) insured Babine at the time the accident occurred. A primary policy was issued to Babine by USAA in the sum of $300,000/$500,000 and an excess policy in the sum of $1 million.

Morris filed a civil action against Babine in the Newport County Superior Court (*Russell A. Morris v. Paul F. Babine and Arthur Babine*, C.A. No. 87–429). Pursuant to a settlement agreement USAA paid Morris the sum of $1.3 million.

Morris then filed a claim for arbitration against Pennsylvania, alleging entitlement to underinsured-motorist benefits. Pennsylvania responded by filing the declaratory-judgment action.

Pennsylvania's complaint sought a judgment that Morris was not eligible to recover under the underinsured-motorist provisions of his insurance policy with Pennsylvania. Specifically Pennsylvania alleged that Babine was not an underinsured-motorist as defined by G.L.1956 (1979 Reenactment) § 27–7–2.1(B), as amended by P.L.1986, ch. 334, § 1 because Morris's limits under Pennsylvania's policy were less than the amount Morris recovered from Babine and less than Babine's coverage.

The issue before this court is whether the trial justice erred when he granted Pennsylvania's motion for summary judgment.

■ As we have stated in the past, when reviewing the trial court's decision to grant summary judgment, the Supreme Court applies the same standard as the trial court. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). If after our review of the "pleadings, affidavits, admis-sions, answers to interrogatories, and other similar matters, viewed in the light most favorable to the opposing party," reveals no issues of material fact and the moving party is entitled to judgment as a matter of law, we shall uphold the trial court's decision granting summary judgment. *Id.*

■ Morris argues that the trial court erred when it concluded that Morris is not statutorily entitled to coverage under the policy issued by Pennsylvania. Pennsylvania claims that the trial court properly applied the statute in reaching its decision.

At the time the accident occurred, § 27–7–2.1(B) of Rhode Island General Laws stated:

> "An underinsured motorist is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount *less than the limits* that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness or disease, including death resulting therefrom." (Emphasis added.) P.L.1986, ch. 334, § 1.

When we apply the statute to this case, two hurdles must be cleared in order to qualify Babine as an underinsured motorist within the meaning of § 27–7–2.1. First, Morris must be legally entitled to recover from Babine because of bodily injury resulting from the May 14, 1987, accident. The settlement agreement entered into as a result of *Russell A. Morris v. Paul F. Babine and Arthur Babine*, C.A. No. 87–429, provides more than enough evidence to conclude that Morris was legally entitled to recover because of bodily injury. Next, if Babine's liability policy limits are less than Morris's uninsured/underinsured motorist policy limits, then Babine was an underinsured motorist as defined in § 27–7–2.1(B). At the time the accident occurred, Babine had $300,000's worth of liability coverage plus an additional $1 million from an umbrella policy, thereby bringing his total available liability coverage to $1.3 million. In contrast Morris's uninsured/underinsured motorist policy provision provides up to $500,000 in coverage. Without·question, therefore, at the time the accident oc-

curred, Babine was not an underinsured motorist as defined in § 27–7–2.1(B).

Morris's argument, that the trial court erred when it included Babine's $1 million umbrella policy as part of Babine's liability coverage, is without merit. Morris also argues that the trial court erred when it refused to stack two uninsured-motorist policies pursuant to § 27–7–2.1(C) to calculate Morris's coverage limit. We find this argument without merit in that § 27–7–2.1(C) which provides for stacking, was not in effect at the time the accident occurred.[1]

■ As for Morris's final argument—that the trial court erred when it refused to combine the $1 million umbrella policy available to Morris with the $500,000 uninsured-motorist coverage to raise the coverage to $1.5 million for the § 27–7–2.1(B) determination—we find it to be without merit. A review of the insurance policy Pennsylvania issued to Morris reveals that the $1 million umbrella policy is applicable only to liability coverage, liability of Morris for torts he would be responsible for, not for uninsured-motorist coverage. Therefore, we find no error by the trial court.

For all these reasons Morris's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

**1.** Subsection (C) of G.L.1956 § 27–7–2.1 became effective on July 1, 1987. P.L.1987, ch. 435, §§ 1, 2.