**AETNA CASUALTY & SURETY CO.**

v.

**John F. O'CONNOR et al.**

**No. 91–362–APPEAL.**

Supreme Court of Rhode Island.

March 4, 1992.

Mark A. Fay, Gidley, Lovegreen & Sarli, Providence, for plaintiff.

Joseph C. Salvadore, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument on February 10, 1992, pursuant to an order directing the parties to show cause why the issues raised on appeal should not be summarily denied and dismissed. The defendants appeal from a Superior Court order granting the motion of the plaintiff Aetna Casualty & Surety Co. (Aetna) for summary judgment. We affirm.

The defendant, John F. O'Connor, Jr. (O'Connor, Jr.), was struck by a motor vehicle owned and operated by the tortfeasor, Richard A. Federman. As a result of the accident, O'Connor, Jr., incurred considerable medical expenses, and defendant's father, John F. O'Connor (O'Connor), filed a claim on behalf of his son against the tortfeasor's insurance company. Thereafter Federman's insurance company tendered defendants the limit of Federman's policy, equal to $300,000.

The defendants claimed that this amount was insufficient to cover expenses and filed an underinsured-motorist claim against their own insurance company, plaintiff Aetna. At the time of the accident O'Connor held an automobile-insurance policy with plaintiff that provided a limit for underinsured-motorist coverage of $300,000. The plaintiff subsequently denied defendants' claim and thereafter filed a declaratory judgment action requesting the Superior Court to determine the parties' legal relations and contractual rights under the insurance policy. The plaintiffs filed a counterclaim for declaratory judgment, and after brief discovery both parties moved for summary judgment. The trial justice granted plaintiff's motion for summary judgment, and defendants appeal.

On appeal the defendants assert that the trial justice incorrectly interpreted the statute governing the insurance policy in question. At the time of the accident, the defendants' policy was governed by G.L.1956 (1979 Reenactment) § 27–7–2.1(B), as amended by P.L.1986, ch. 334, § 1. Section 27–7–2.1(B) provides in pertinent part:

"For the purposes of this section 'uninsured motorist' shall include an underinsured motorist. An underinsured motorist is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the limits that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness or disease, including death resulting therefrom."

Pursuant to § 27–7–2.1(B) a party is protected by uninsured-motorist coverage if the injured party is legally entitled to recover from the tortfeasor, and if the tortfeasor's liability-policy limits are less than the victim's uninsured/underinsured-motorist-policy limits. *Pennsylvania General Insurance Co. v. Morris*, 599 A.2d 1042, 1043–44 (R.I.1991). In accordance with this holding, the trial justice correctly determined that the defendants cannot collect from the plaintiff because the tortfeasor's liability-policy limit, $300,000, is not less than O'Connor's uninsured/underinsured-motorist-policy limit of $300,000.

Therefore, for the reasons stated, the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed.