AETNA CASUALTY & SURETY
COMPANY

v.

Michael JOYCE.

No. 91–402–Appeal.

Supreme Court of Rhode Island.

March 19, 1992.

Michael Sarli, Providence, for plaintiff.

Kevin McAllister, Providence, for defendant.

ORDER

This case came before a hearing panel of this court for oral argument March 17, 1992 pursuant to an order which had directed appellant (Michael Joyce) to appear and show cause why his appeal should not be denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The trial justice was correct in granting summary judgment in favor of Aetna Casualty & Surety Company since the tortfeasor was not underinsured. Her policy limits were the same as the appellant's policy limits ($100,000 in each case). The holding in *Pennsylvania General Ins. Co. v. Morris*, 599 A.2d 1042 (R.I.1991) is controlling.

Consequently, appellant's appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

FAY, C.J., and MURRAY, J., did not participate.

Richard GURIAN

v.

RONZIO, INC.

No. 91–388–Appeal.

Supreme Court of Rhode Island.

March 19, 1992.

Herbert Katz, Providence, for plaintiff.

Peter D'Amico, Pawtucket, for defendant.

ORDER

This case came before a hearing panel of this court for oral argument March 17, 1992 pursuant to an order which had directed both parties to appear and show cause why the issues raised should not be summarily decided.

The defendant, Ronzio, Inc., had appealed from the entry of summary judgment in favor of the plaintiff, Richard Gurian, for recovery on a promissory note in the face amount of $30,000. At the oral argument counsel for Ronzio, Inc. did not appear, although court records indicate that he had been notified.

After hearing oral argument by counsel for Richard Gurian and examining the memoranda filed by the parties, we are of the opinion that the trial justice was correct in granting summary judgment in favor of the plaintiff. The promissory note was clear and unambiguous on its face. The matter sought to be raised by the defendant in opposition to the plaintiff's claim was inadmissible under the parol evidence rule.

Consequently, the defendant's appeal is denied and dismissed. The summary judgment entered in favor of the plaintiff is affirmed.

FAY, C.J., and MURRAY, J., did not participate.